UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JORGE SOLANO-MORETA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:18-cv-293-CHB |
| ) | |
| v. ) | |
| ) | |
| MR. KIZZIAH, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |
| ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the amended complaint filed by *pro se* plaintiffs Jorge Solano-Moreta and Landon Price. [R. 15] Solano-Moreta and Price initially filed a joint civil rights complaint in November 2018. [R. 1] At that time, both Plaintiffs were incarcerated at the United States Penitentiary—McCreary in Pine Knot, Kentucky. The Court screened the Complaint and found that some of the allegations failed to state a claim upon which relief could be granted. [R. 9]

With respect to the remaining claims, the Court held that Solano-Moreta and Price were improperly joined as Co-Plaintiffs under Federal Rule of Civil Procedure 20. *Id*. Thus, the Court severed Price's surviving civil rights claims into a separate action, *see Price v. Cunnagin*, et al., 6:18-cv-313-CHB (E.D. Ky. 2018), and Ordered Solano-Moreta's surviving claims to proceed in the present case. [R. 9] The Court also ordered the United States Marshals Service to issue summonses to the relevant defendants in both cases. *Id.*

Since the time the original complaint was filed, both Solano-Moreta and Price have been transferred away from USP-McCreary. Solano-Moreta is presently incarcerated in Thomson, Illinois, and Price at USP-Coleman II in Sumterville, Florida.[1]

Several months after the Court screened the initial Complaint, the Court received the amended complaint in this matter.[2] Although the Court previously severed Price from this case, and although Solano-Moreta and Price were no longer incarcerated at the same facility at the time the Amended Complaint was drafted, purportedly signed, and filed,[3] the Amended Complaint identifies both inmates as Co-Plaintiffs. Amendment once as a matter of course remains appropriate at this stage of the proceedings, *see* Fed. R. Civ. P. 15(a), and "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013). Therefore, the Court considers the Amended Complaint the operative pleading in this matter and screens the claims pursuant to the terms of the Prison Litigation Reform Act. *See* 28 U.S.C. §§ 1915A, 1915(e)(2).

According to 28 U.S.C. §§ 1915A, 1915(e)(2)(B), the Court shall dismiss the case, or any portion thereof, at any time if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. At this stage, the Court accepts all factual allegations as true and liberally construes all legal claims in the plaintiffs' favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Amended Complaint articulates sixteen claims, some which were brought in the original Complaint but others which are new. The Amended Complaint also increases the

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed May 18, 2019).
[2] The Amended Complaint presently before the Court for review was not filed in the severed action, *Price v. Cunnagin*, et al., 6:18-cv-313-CHB (E.D. Ky. 2018).
[3] At the time the amended complaint was filed, Solano-Moreta was still incarcerated at USP-McCreary but Price was transferred to the United States Penitentiary-Lee in Jonesville, Virginia. [*See* R. 15 at pp. 2-3]

number of named Defendants from five (5) to twelve (12). [R. 15]  Accordingly, the Amended Complaint presents a variety of joinder questions under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 18; 20.  But even assuming that the Plaintiffs' numerous claims are properly joined, most of the claims must be dismissed for failure to state a claim upon which relief may be granted.

The Amended Complaint seeks injunctive relief on every claim, as well as money damages from each named Defendant. [R. 15]  While a claim for monetary damages may survive beyond an inmate plaintiff's transfer from one facility to another, an inmate's claim for declaratory or injunctive relief becomes moot when he or she is transferred away from the institution where the underlying complaint arose. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding that the inmate's facility transfer mooted his request for injunctive relief where the inmate's claims were directed specifically towards his prior facility's policies and procedures); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [allegedly violated his constitutional rights]").  Because neither Price nor Solano-Moreta remains incarcerated at USP-McCreary, all of the Plaintiffs' claims for injunctive relief are now moot and will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A, 1915(e)(2).

As for the Plaintiffs' claims for money damages, those claims must be analyzed via the *Bivens* framework. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Unlike civil rights claims against state officials under 42 U.S.C. § 1983—which is a remedy explicitly created by Congress—*Bivens* relief from federal officials is a judicially-created remedy implied in only limited circumstances. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

"A *Bivens* remedy is available only if (1) there are no alternative, existing processes for protecting a constitutional interest and, (2) even in the absence of an alternative, there are no special factors counselling hesitation before authorizing a new kind of federal litigation." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 431 (6th Cir. 2016) (internal quotation marks omitted). Notably, the United States Supreme Court recently "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857.[4]

To date, the Supreme Court has recognized only three contexts where a *Bivens* claim was appropriate: a Fourth Amendment claim in the search and seizure context, a Fifth Amendment claim against a congressmen who fired a secretary, and an Eighth Amendment claim for a prison official's deliberate indifference to an inmate's medical needs. *Ziglar*, 137 S. Ct. at 1854-55. The overwhelming majority of the sixteen claims in the Plaintiffs' amended petition fall outside of these three contexts.

The Plaintiffs' amended claims include, but are not limited to, claims regarding lack of access to legal materials, family photos, and phone calls; a complaint about poor grievance procedures; and claims regarding Solano-Moreta's custody classification under the Fifth Amendment and 42 U.S.C. § 1985(3). [*See* R. 15] Only Claims Three, Eleven, Twelve, Thirteen, and Fourteen—all which allege deliberate indifference to either Price's or Solano-Moreta's medical needs—fall within a context previously deemed cognizable under *Bivens*. *See Ziglar*, 137 S. Ct. at 1854-55; *Carlson v. Green*, 446 U.S. 14 (1980) (allowing a *Bivens* claim for failure to provide a prisoner medical care). Accordingly, the Plaintiffs' eleven (11) other claims

---

[4] The Supreme Court's *Ziglar* opinion emphasizes that lower courts must consider in the first instance whether a plaintiff's claims are cognizable under *Bivens* even if courts have historically assumed the availability of a *Bivens* remedy for a particular constitutional allegation. *See id.* at 1863-65; *see also Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 57 (E.D.N.Y. 2017).

for money damages, all which fall outside the three previously recognized *Bivens* contexts, fail to state a claim upon which relief may be granted.

As for Claims Three, Eleven, Twelve, Thirteen, and Fourteen, the Court finds as follows. Claim Three, a claim alleging prison officials' deliberate indifference towards Price, was included in the Plaintiffs' original Complaint and has already been severed into a separate action. That claim is proceeding in *Price v. Cunnagin*, et al., 6:18-cv-313-CHB (E.D. Ky. 2018), according to schedule, and the Court therefore dismisses it from the present action. Similarly, the Court finds that, although amended Claim Eleven is not proceeding in *Price v. Cunnagin*, that claim belongs in Price's severed civil rights action rather than the instant case for the reasons set forth in the Court's prior Memorandum Opinion and Order. [*See* R. 9] Accordingly, Claim Eleven is also dismissed from this proceeding, without prejudice; Price may pursue that claim himself in his separate action if he so desires.

Claims Twelve through Fourteen allege prison officials' deliberate indifference towards Solano-Moreta. Like with Claim Three, Claims Twelve and Thirteen are the same as claims brought in the plaintiffs' original complaint and have already been found to survive the required screening. [R. 12] Those claims have already been on the relevant Defendants, and an answer or other response is due on those claims in the coming weeks.

Finally, Claim Fourteen also alleges deliberate indifference towards Solano-Moreta's medical needs, and this claim did not appear in the initial complaint. However, the Plaintiffs do not allege that the Defendant to that claim, Correctional Officer Hudson, knew that Solano-Moreta had a sufficiently serious medical need but intentionally disregarded a substantial risk to Solano-Moreta's health anyway. *See, e.g.*, *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)); *see also Estelle v. Gamble*,

429 U.S. 97, 106 (1976). Thus, even though Claim Fourteen is an Eighth Amendment claim that does fall within the realm of an approved *Bivens* allegation, the claim on its face is not valid. Because the Plaintiffs have not alleged conduct that rises to the level of an Eighth Amendment violation, Claim Fourteen is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

Accordingly, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Plaintiffs' claims for injunctive relief are **DISMISSED**;

2. Claims Three, Twelve, and Thirteen survive the Court's screening but have already been served in either the present action or *Price v. Cunnagin*, et al., 6:18-cv-313-CHB (E.D. Ky. 2018);

3. Claim Eleven is **DISMISSED WITHOUT PREJUDICE** from this action. Price may pursue this claim in *Price v. Cunnagin*, et al., 6:18-cv-313-CHB (E.D. Ky. 2018), if desired;

4. Claim Fourteen is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A, 1915(e)(2); and

5. The Clerk of the Court is **DIRECTED** to send a copy of this opinion by certified mail to the United States Attorney's Office, 260 W. Vine Street, Suite 300, Lexington, Kentucky 40507.

This the 23rd day of May, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY