UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

JORGE SOLANO-MORETA,                )
                                    )
            Plaintiff,              )        Civil Action No. 6:18-CV-293-CHB
                                    )
v.                                  )
                                    )
MR. KIZZIAH, et al.,                )        **MEMORANDUM OPINION**
                                    )        **AND ORDER**
            Defendants.             )
                                    )

*** *** *** ***

Defendants Drs. Carrie Cunnagin and Joseph Lynch seek dismissal of *pro se* Plaintiff Jorge Solano-Moreta's claims under Rule 12(b), in part because Solano-Moreta failed to exhaust his administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA"). [R. 24]  Upon review, the Court finds the Defendants' motion should be **GRANTED**.

Solano-Moreta has filed numerous claims against employees of the United States Penitentiary—McCreary. [R. 1; R. 15]  Pursuant to the PLRA, the Court conducted a preliminary screening of those claims and ultimately sought a response from the Defendants regarding Solano-Moreta's allegations of deliberate indifference to his medical needs. [*See* R. 12]  The Defendants subsequently moved to dismiss Solano-Moreta's Eighth Amendment claims, and the Court ordered Solano-Moreta file a response brief within thirty days. [*See* R. 24; R. 25]  That thirty day window has passed, and the Court has received no filings from Solano-Moreta.  The Defendants' Rule 12(b) motion thus stands submitted for the Court's review.

The record before the Court indicates that Solano-Moreta indeed failed to properly pursue his administrative remedies prior to seeking relief under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in this Court.  "There is no question that exhaustion is

-1-

mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Failure to exhaust is an affirmative defense under the PLRA and Solano-Moreta was "not required to specially plead or demonstrate exhaustion in [his] complaint." *See Bock,* 549 U.S. at 216. Nevertheless, the Defendants have now asserted their affirmative defense, and Solano-Moreta has wholly failed to respond to, much less refute, their contention that he did not exhaust the Eighth Amendment claims relevant to the present action. Instead, the record indicates that although Solano-Moreta filed two grievances relevant to a subset of his Eighth Amendment claims in this action, he failed to appeal either grievance response and thus failed to fully exhaust those claims. *See* [R. 24-1 at pp. 6-7]; *see also Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies . . . ."). And as noted above, Solano-Moreta has not disputed the evidence in the present record because he failed to comply with the Court's order directing him to file a response brief. "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn*., 878 F.2d 382 (Table), 1989 WL 72470 (6th Cir. July 3, 1989).

Because the record indicates Solano-Moreta failed to exhaust his administrative remedies with respect to his pending claims, and because Solano-Moreta has not opposed the Defendants'

motion to dismiss, dismissal of the present case is appropriate. Accordingly, and with the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED as follows:**

1.      The Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [**R. 24**] is **GRANTED**;

2.      Solano-Moreta's pending claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and

3.      This matter is **STRICKEN** from the Court's active docket.

This the 2nd day of August, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY